OPINION
This is an appeal from certain decisions of the Probate Court of Licking County.
ASSIGNMENTS OF ERROR
 I. THE COURT ERRED IN NOT TAKING ANY TESTIMONY OF AVAILABLE WITNESSES BEFORE RULING THAT THE DECEDENT'S "LIVING TRUST" WAS OF NO LEGAL EFFECT.
 II. THE COURT ERRED AND THUS DENIED THE APPELLANT AND ALL PARTIES TO THE PROCEEDINGS DUE PROCESS WHEN IT DENIED THE EXECUTOR THE AUTHORITY TO SPEND ESTATE FUNDS TO PURCHASE A TRANSCRIPT OF THE EARLIER PROCEEDINGS WITHOUT STATING ON THE RECORD ANY REASONS THAT COULD BE SUBJECT TO REVIEW TO DETERMINE WHAT THE COURT CONSIDERED WHEN IT ARRIVED AT ITS CONCLUSION THAT IT WAS NOT IN THE BEST INTEREST OF THE ESTATE TO PAY FOR THE TRANSCRIPT.
 III. THE COURT ERRED IN FILING A JUDGMENT ON MARCH 5, 2001 WITH A DATE FOR, "ALL PARTIES AND OBJECTORS PROPOSED FINDINGS OF FACT AND PROPOSED CONCLUSIONS OF LAW SHALL BE FILED ON OR BEFORE JANUARY 16, 2001."
 IV. THE COURT ERRED IN ORDERING ALL ACCOUNTS HOLDING ASSETS OF THE ESTATE WITHIN THE CONTROL OF THE EXECUTOR TO BE CUSTODIALIZED WITHOUT A SHOWING OF MISCONDUCT OF ANY KIND BY THE EXECUTOR IN HIS HANDLING OF THE ASSETS.
 V. THE COURT ERRED IN HOLDING THAT OBJECTOR, EVANGELINE FOURAS' MOTION TO REMOVE THE EXECUTOR WAS MADE BY HER WITHOUT PREJUDICE TO REFILLING [SIC].
 STATEMENT OF THE FACTS AND THE CASE
Historically, Alexious G. Fouras died testate on August 18, 1993, leaving Evangeline Fouras, his second wife and Dean Fouras, son by his first marriage.
The history herein has been supplemented factually by a prior appeal in Cases numbered as 99CA52, 99CA53, consolidated with 99CA55.
Dean Fouras was appointed Executor of his father's estate.
The Will established a testamentary trust, which, including applicable insurance was to equal $600,000.00 with the rest, residue and remainder paid to decedent's widow, Evangeline Fouras.
Certain difficulties arose between the widow and Executor as stated in the prior appeal:
* * *
 The surviving spouse engaged an attorney and among other motions, filed an Exception to the initial Fiduciary's Accounting, an application for a hearing on the Executor's Proposal for Distribution of estate assets and a Motion opposing approval of executor fees and attorney fees, which had been requested by the executor and Attorney Dawson. These actions were followed with the surviving spouse taking the deposition of the executor and requesting to take the deposition of the attorney for the estate, Attorney C. William Dawson. At this point, the executor and Attorney Dawson chose to hire an expert, one Lane William, Attorney at Law, to present expert testimony regarding the objection to the executor's fees and partial attorney fees and a "litigation counsel for the executor and the estate," Attorney G. Rand Smith.
 Subsequently, on November 16, 1995, the surviving spouse moved to have the executor removed, . . .
* * *
 On November 14, 1996, appellant, Attorney G. Rand Smith, filed a Motion for Approval of Attorney Fees.
* * *
 On December 16, 1996, the executor filed a Motion for Instructions. In the Motion, the executor stated that he found a document which purported to be an inter vivos revocable trust, executed by the deceased.
* * *
 On February 20, 1997, the trial court filed a Judgment Entry stating its preliminary views on the matters heard on February 7, 1997. The trial court documents that a hearing on the handling of the estate by the Executor and Attorney Dawson, attorney fees for Dawson and Attorney G. Rand Smith and executor fees was not completed and a continuation was ordered. Further, the trial court directed the surviving spouse to prepare a written legal memorandum in support of her argument that Attorney Smith's fees and the expert witness fees of Attorney William Lane should not be borne by the estate. Attorney Smith was given the opportunity to submit a similar memorandum in support of his position on the issue.
* * *
 On July 8, 1998, Attorney G. Rand Smith submitted a Notice of Withdrawal as counsel . . .
* * *
 At that time, Attorney Smith filed a final bill with the trial court. The bill for services rendered totaled $61,270.82, before interest, and $71,618.25 with 10% interest on the unpaid balance, added on a monthly basis.
* * *
 On November 2, 1998, the trial court responded by issuing a Judgment Entry in which the court ordered the Executor to immediately pay the partial bill of G. Rand Smith, Attorney, litigation counsel, the sum of $30,000.00 for fees and expenses, . . .
* * *
 The Judgment Entry did not identify the means or reasons by which the trial court arrived at the $30,000.00 figure for Attorney Smith's attorney fees.
 On April 12, 1999, the trial court issued an Opinion and Judgment Entry which held, in relevant part:
 1) A total of zero attorney fees would be approved for Attorney C. William Dawson;
 2) A total of zero executor fees would be approved for Executor Dean Fouras; . . .
* * *
 6) The executor's request that expert witness, William Lane, be paid with estate funds was denied. The trial court found that it was not a legitimate expense of the estate, but should be borne by the executor and the attorney for the estate, C. William Dawson, in equal shares.
 7) The previously ordered payment of $30,000.00 to Attorney Smith was found to be a reasonable fee to be paid by the estate. The trial court found that the balance was more appropriately borne by the executor and Attorney Dawson.
* * *
 . . . a Motion to Authorize the executor to pay for a transcript of the proceedings upon which the April 12, 1999, Judgment Entry was based and a Motion for the Court to Decide all Motions Pending Before the Court's Decision and Judgment of April 12, 1999. The Motions alleged to be pending before the trial court were the following:
* * *
 3) Motion of the Executor for Instructions, filed December 16, 1996, regarding the document which purports to be an inter vivos revocable trust, executed by the decedent.
* * *
 On June 8, 1999, the trial court denied the executor's motion for the estate to pay for the preparation of the transcript of proceedings. The trial court found that the estimated cost for the preparation of the transcript was $6,000.00 and that requiring the estate to pay such a transcript would not benefit the estate.
* * *
Among the Assignments and Cross Assignments of Error in the prior appeal were:
ASSIGNMENTS OF ERROR BY APPELLANT G. RAND SMITH
* * *
ASSIGNMENT OF ERROR II
 WHEN A PARTY OR LEGAL COUNSEL REQUESTS A TRIAL COURT TO REQUIRE AN ESTATE TO PAY FOR THE VERY MINOR PORTION OF A TRIAL TRANSCRIPT, AT THE ESTATE'S EXPENSE, IT IS ERROR FOR THE TRIAL COURT NOT TO GRANT SUCH RELIEF WHEN SAID TRANSCRIPT WOULD FURTHER HELP ALL PARTIES ADDRESS CONTESTED LEGAL ISSUES.
 ASSIGNMENT OF ERROR III
 A TRIAL COURT WHICH DELAYS MAKING A DECISION IN A CASE FOR NEARLY TWO YEARS ABUSES ITS DISCRETION IN ISSUING A DECISION FROM MEMORY AND NOTES WITHOUT THE BENEFIT OF THE TRIAL TRANSCRIPT.
* * *
 ASSIGNMENTS OF ERROR BY APPELLANT ESTATE OF ALEXIOUS G. FOURAS DEAN FOURAS, EXECUTOR C. WILLIAM DAWSON, ESQ.
* * *
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN FINDING THAT IT WAS NOT IN THE BEST INTEREST OF THE ESTATE FOR THE ESTATE TO PAY FOR A TRANSCRIPT OF THE PROCEEDINGS.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN NOT DECIDING THE VALIDITY OF THE INTER VIVOS TRUST CREATED BY DECEDENT PRIOR TO UNDERTAKING HEARINGS ON THE OTHER MOTIONS.
ASSIGNMENTS OF ERROR OF APPELLANT EVANGELINE FOURAS
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN FINDING THAT G. RAND SMITH — APPELLEE IS ENTITLED TO $30,000.00 AS AND FOR HIS SERVICES AS LITIGATION COUNSEL FOR EXECUTOR — APPELLEE DEAN FOURAS AND/OR ATTORNEY C. WILLIAM DAWSON.
This Court issued the following orders and findings:
* * *
 We find that the trial court's Opinion, in regard to the issue of estate paid attorney fees approved for Attorney G. Rand Smith is factually insufficient. From the trial court's facts, this court cannot engage in a meaningful judicial review as to this issue. In other words, we do not know why the trial court made the order it did regarding Attorney G. Rand Smith's attorney fees.
* * *
 Those motions included the motion of the surviving spouse to find the Executor in contempt for failure to comply with the May 22, 1996, Judgment Entry regarding distribution of estate funds and the motion of the Executor for instructions regarding the alleged inter vivos revocable trust executed by the decedent. Since the trial court has not ruled upon those motions and still has jurisdiction to do so, we dismiss the appeals in regard to those issues as being premature. We lack jurisdiction to rule on those appeals because there are no final appealable orders regarding those issues.
* * *
 Therefore, we find that it is premature to address the appeal regarding whether the trial court abused its discretion in issuing a decision two years after the evidentiary hearing when the trial court had no trial transcript to review. We cannot determine the issue of whether the trial court abused its discretion regarding this issue until we are able to review all of the findings of fact made by the trial court.
 The trial court issued its ruling regarding the nonpayment of the transcript from estate funds in a Judgment Entry that was separate from the Judgment Entry dealing with the merits of the case. This was obviously done because the request regarding the transcript costs was raised by a separate motion after the Judgment Entry on the merits was filed. Rather than discuss whether or not this separate entry is a final appealable order, we simply decline to address the appeal from the entry regarding the transcript's cost because we find it is premature. Once again, for us to determine if the trial court abused its discretion in denying the request to pay for the transcript from estate funds, we must be able to review the trial court's entire findings of fact regarding the merits of the case. And, as set forth earlier, the trial court should be making additions to those findings.
 For the reasons stated above, the appeals in the case sub judice are dismissed.
 I.
Addressing the First Assignment of Error, we must agree.
On page 4 of the transcript of the hearing of November 21, 2000 on the various motions, the Court's recollection was that the parties were in agreement that inter vivos trust was unfunded. However, the attorneys for such parties disagreed. (T. at 5-6).
Unfortunately, the court reporter continually referenced a speaker at the hearing as "unidentified" without asking for such person's name. But even this unidentified speaker (probably G. Rand Smith) did not express agreement as to the funding of such trust.
The trial court then, contrary to the earlier recollection, stated that he was certain that no evidence was presented as to funding (presumably at the evidentiary hearing of four years previously). Without a transcript this Court is unable to determine the accuracy of these inconsistencies.
The trial court then (T. at 17) concluded that the trust was invalid because:
(1) the trust was undated
(2) no evidence at trial of funding
(3) never identified as being funded
Of course, the lack of a signature date is not a basis for a determination that the trust did not constitute an effective document. Parol evidence is admissible to establish an absent date of execution.Walser v. Farmer's Trust Co. (1933), 126 Ohio St. 361, Shelton v.American Ins. Union (1931), 41 Ohio App. 512, Morris v. Retail Clerks'Intl. Protective Assn. (1940), 67 Ohio App. 472, Hughes, et al. v.Goda, et al. (1994), 1994WL476357 (Ohio App. 8th Dist.).
Since the trial court reasoned that, because of the lack of a date the inter vivos trust would fail, we must sustain the First Assignment of Error. The additional two reasons given for such conclusion are suspect also as the Court's recollections of the prior hearing which took place four years earlier are, at least, to some degree, inconsistent with those of the various counsel.
We therefore, as to the determination of the validity of such trust, reverse and remand for an evidentiary hearing as to a determination of the legal requirements thereof.
 II.
The Second Assignment of Error relates to the expenditure of estate funds for the transcript preparation.
Contrary to objector-appellee Evangeline Fouras's assertions that this Court determined such issue in the previous appeal, this Court held that no decision on the propriety of the Court's denial could be made without findings of fact and conclusions of law.
Since the remand, the trial court ordered the submission of such findings and conclusions but did not adopt any nor issue its own determination relative thereto as ordered by this Court in the prior appeal.
We, therefore, again decline to rule upon this Second Assignment of Error and remand this issue with a direction to the trial court to issue its findings of fact and conclusions of law as a basis for its refusal to order a transcript at the Estate's expense.
 III.
The Third Assignment of Error questions the obvious dating of the order as to such proposed findings and conclusions.
While we consider this argument to be lacking in merit, the trial court by following the mandate of this Court as to such findings and conclusions will obviate such dating concern. Therefore, this Assignment is moot.
 IV.
The Fourth Assignment of Error addresses the custodializing of estate accounts which did not occur.
In this case, the Court froze distribution subject to further Court order.
The Court has inherent power to control expenditure and distribution of estate assets, notwithstanding whether the will provides for waiver of bond. (R.C. § 2101.24).
This Fourth Assignment of Error is rejected.
 V.
We find the Fifth Assignment of Error to be without merit.
The conclusion that the Motion to Remove the executor was with prejudice based upon the quoted language on page 55, line 6 of the transcript of November 21, 2000, is misplaced.
The language does not state it is with prejudice.
Also the re-filing of a motion to remove an executor if misconduct were discovered or if subsequently acquired proof supported an earlier withdrawn motion would, of necessity, be required for the preservation of the Estate.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Probate Court is affirmed in part, reversed in part and remanded. Costs to be equally divided between appellant, Dean Fouras and objector-appellant, Evangeline Fouras.
Hon. Sheila G. Farmer, P.J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.